

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. L. Roberson
County Attorney
Winkler County
Kermit, Texas

Dear Sir:

Opinion No. O-4226
Re: Is there any way that the Com-
missioners' Court can raise
the salary of a constable
after such salary has been set?

Your letter of November 18, 1941, requesting an opin-
ion of this department on the above stated question reads as
follows:

"Re: The Commissioners Court of Winkler
County placed the Precinct Officers
on a salary basis, set their salary
at regular meeting in January, 1941.
Is there any way that the Court can
raise the salary of a Constable,
after the Constable's salary has
been set. Will the Commissioners'
Court be forced to wait until Jan-
uary 1942, for the purpose of rais-
ing the Constable's salary.

"Under Article 3912e, Sec. 17 (a), Vernon's
Statutes, we find:

"(b) In counties where it shall have been
determined that precinct officers shall
be compensated on an annual salary basis
it shall be the duty of the Commissioners'
Court of such county to fix the salary al-
lowed to such officers. Each of said
officers shall be paid in money an annual
salary in twelve (12) equal installments
of not less than the total sum earned as
compensation earned by him in his official

capacity for the fiscal year 1935
and not more than the maximum amount
allowed such officer under laws exist-
ing August 24, 1935.

"In view of the foregoing authority the
Commissioners' Court unquestionably has the au-
thority to set the constable's salary in Jan-
uary, but it is doubtful as to whether or not
the Court has the authority to raise or lower
the salary during the remainder of the year.

"In your opinion, is it possible in any
way to raise the salary of a constable after
the salary has been set for the year. The
salary must be paid in twelve (12) equal in-
stallments as set out in the statutes."

Winkler County has a population of 6,178 inhabi-
tants according to the 1940 Federal Census.

Section 15 of Article 3912e, Vernon's Annotated
Civil Statutes, provides in part:

"The Commissioners' Court in counties
having a population of less than twenty thou-
sand (20,000) inhabitants, according to the
last preceding Federal Census at the first
regular meeting in January of each calendar
year, may pass an order providing for com-
pensation of all county and precinct officers
on a salary basis. . . ."

Section 17 (a)} Article 3912e, supra, reads in part
as follows:

"The term 'Precinct Officers' as used in
this Act means justices of the peace and con-
stables.

". . .

"(b) In counties where it shall have been
determined that precinct officers shall be com-
pensated on an annual salary basis it shall be
the duty of the Commissioners' Court of such
county to fix the salary allowed to such offi-
cers. Each of said officers shall be paid in

money an annual salary in twelve (12) equal
installments of not less than the total sum
earned as compensation earned by him in his
official capacity for the fiscal year 1935
and not more than the maximum amount allow-
ed such officer under laws existing August
24, 1935. . . ."

In our opinion No. 0-1595, it is stated:

". . . that the commissioners' court has
the right and authority to fix the salaries of
the officers named in Section 13, Article
3912e, supra, at any amount not less than the
total sum earned as compensation by the offi-
cer in his official capacity for the fiscal
year 1935, and not more than the maximum amount
allowed such officer under laws existing on
August 24, 1935, and when such salaries have
once been fixed by the commissioners' court
for said officers, they cannot be changed
during that year; however, the commissioners'
court may change the salaries of said offi-
cers for the following year, provided such
salaries are not less than the total sum
earned as compensation by the officer in his
official capacity for the fiscal year 1935,
and not more than the maximum amount allowed
such officer under laws existing on August 24,
1935."

It will be noted that Section 13, Article 3912e,
which is referred to in the above mentioned opinion is ap-
plicable to counties having a population of 20,000 inhabi-
tants or more, and less than 190,000 inhabitants according
to the last preceding Federal Census. However, we think
that the converse of what was said there with reference to
a decrease in salary is equally applicable to paragraph (b)
Section 17, Article 3912e, regarding an increase in the
salary of a constable. Therefore, it is our opinion that
when the salary of the constable has once been fixed by the
Commissioners' Court for the year in compliance with Sec-
tion 17, supra, the salary cannot be changed during that
year; however, the Commissioners' Court may change the sal-
ary of the constable for the following year, provided such
salary is not less than the total sum earned as compensa-
tion by the constable in his official capacity for the fiscal
year 1935, and not more than the maximum amount allowed such

officer under laws existing on August 24, 1935. Specifically answering your question, there is no way that the Commissioners' Court can raise the salary of a constable who is compensated on an annual salary basis after such salary has been set. In other words, the salary of the constable cannot be increased or decreased after it has been fixed by the Commissioners' Court for that year, but may be increased or decreased for the following year within the limitations set forth in Section 17, supra.

It is stated in opinion No. C-1595, supra;

". . . it is the opinion of this Department that the commissioners' court has no authority to fix or change the salaries of the county commissioners, . . ."

Articles 2350 - 2350-1, inclusive, Vernon's Annotated Civil Statutes, provide for the salaries of the County Commissioners in the various counties. Article 2350(2) provides:

"The Commissioners' Court at its first regular meeting each year shall, by order duly made and entered upon the minutes of same court, fix the salaries of the county commissioners for such year within the limits as provided for in this act."

Therefore, the Commissioners' Court has the authority to fix the salaries of the County Commissioners at its first regular meeting each year, for such year, within the limits as provided for in the act. Our opinion No. O-1595, supra, is modified accordingly to this extent.

We are enclosing a copy of said opinion for your information.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED DEC 4, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

AW:GO
ENCLOSURE